**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TREVOR SLOAN, et al., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ANKER INNOVATIONS LIMITED, et al., <br><br> Defendants. | Case No. 1:22-cv-07174 <br><br> Honorable Sara L. Ellis |

**JOINT MOTION REGARDING DISCOVERY DISPUTE**

Plaintiffs Trevor Sloan, Joseph Bleiberg, Aryeh Louis Rothberger, Patrick Commerford, Kevin Farr, Elmer Orpilla, Keith Lapating, and Sagar Desai (collectively "Plaintiffs") and Defendants Anker Innovations Limited, Power Mobile Life LLC, and Fantasia Trading LLC (collectively "Defendants") respectfully submit this Joint Motion for resolution of a discovery dispute. The below signatories met and conferred on this matter, discussing the dispute during a May 3, 2024, 10 a.m., telephone call and in follow-up correspondence. However, due to a disagreement on the underlying law, the parties were not able compromise and seek the Court's intervention regarding the scope of the class discovery.

**I.    PLAINTIFFS' POSITION**

Plaintiffs' Consolidated Complaint alleges that Defendants manufacture the "eufy" branded home security camaras, including its eufycam[1], Video Smart Lock, SoloCam, Floodlight Cam, Video Doorbell, and Solo Indoorcam lines of products (collectively, the "Camera Products"). Consolidated

---

[1] Contrary to Defendant's contention, Plaintiff does define the eufy product line the eufyCam 2, eufyCam 2 Pro, eufyCam 2C, eufyCam 2C Pro, and the S-3300 eufyCam (also known as the eufyCam 3). Compl., ¶ 27. Additionally, it strains creditability that Defendant does not understand its own product lines. Nonetheless, if Defendant was truly confused by the scope of the proposed class, it had recourse under Rule 12(e).

1

Complaint ("Compl."), ECF No. 31, ¶ 1. Each of these Camera Products use the same smartphone application (the "eufy Security App") to access the cameras, view live and historical video feeds, and adjust the cameras' settings. *Id.*, ¶ 29. Put differently, all of the Camera Products utilize the same software to access their Camera Products, regardless of the model purchased.

Plaintiffs allege that the security features and underlying functionality of the Camera Products, and their associated software, is misrepresented. And, contrary to Defendant's assertion herein, each of the Camera Products are labeled and advertise that only the user can access data associated with the Camera Products, that the data is stored locally and not sent to Defendants, and that the data is always encrypted. *Id.*, ¶ 32. Further, Defendants stated that Camera Products operate with "[n]o [c]louds" and that "no[one] has access to your data but you." *Id.*, ¶ 37. Yet, Plaintiffs allege that Defendants do not encrypt (and uses inadequate encryption for) data transmitted from the Camera Products (to the eufy Security App) and that the Camera Products transmit data (including biometric data) to Defendants' AWS servers when communicating with the eufy Security App. *Id.*, ¶¶ 41-67. Given that the Camera Products all use the same, misrepresented, eufy Security App, and related backend servers, this case alleges a single, common misleading business practice.

In several of Plaintiffs' written discovery requests, Plaintiffs define the Camera Products as in the same manner as the Complaint, seeking documents/information regarding all of the relevant product lines. Defendants did not challenge the definition of Camera Products in their Motion to Dismiss (*See* ECF No. 45-1), or otherwise seek the limit the scope of the Class. Accordingly, Plaintiffs argue that all of the Camera Products enumerated in the Complaint remain at issue in this dispute and, therefore, discovery regarding all of the Camera Products is relevant. *See, e.g., Heastie v. Cmty. Bank of Greater Peoria,* 125 F.R.D. 669, 680 n.1 (N.D. Ill. 1989) (noting that the class definition, barring some amendment, controls the scope of the class for certification purposes).

Defendants disagree, suggesting that the class is limited to only those specific products purchased by the named Plaintiffs (*i.e.* Plaintiffs only have standing to sue regarding the products they purchased).

While there is some split among the Courts, "a growing majority" courts have held that "a class representative who purchased product X has standing to represent a class member who purchased product Y if the injuries are 'substantially similar.'" *Geske v. PNY Techs., Inc.*, 503 F. Supp. 3d 687, 699 (N.D. Ill. 2020) (collecting N.D. Ill. cases). Additionally, there is also a sizable number of courts (which have become the "prevailing view" in this District) which hold whether the named plaintiffs "may assert the rights of absent class members is neither a standing issue nor an Article III case or controversy issue but depends rather on meeting the prerequisites of Rule 23." *Thomas v. Walmart Inc.*, No. 23 CV 5315, 2024 WL 1050179, at *4 (N.D. Ill. Mar. 11, 2024) (collecting N.D. Ill. cases). Regardless of whether the Court adopts either the "majority" approach or the "prevailing view" of this District on class standing, Plaintiff should be allowed discovery on all of the Camera Products listed in the Complaint. This is particularly appropriate here, because the allegations involve not only uniform misrepresentations on each of the Camera Products, but Defendants' common software which is used on each of the Camara Products.

## II.      DEFENDANTS' POSITION

The claims in this case stem from Plaintiffs' alleged purchase of 15 products manufactured by Defendants. *See* ECF ¶¶ 11–18. Plaintiffs now seek discovery concerning an unspecified number of products that Plaintiffs admittedly ***did not purchase***. The Court should reject Plaintiffs attempt to pursue claims in relation to products they did not purchase for a host of reasons.

The Court has previously noted a split in this District regarding whether a plaintiff has standing to pursue claims based on products he or she did not purchase. *See Benson v. Fannie May Confections Brands, Inc.*, No. 17 C 3519, 2018 WL 1087639, at *6 (N.D. Ill. Feb. 28, 2018) (Ellis, J.). However,

3

the Seventh Circuit recently held that a plaintiff does not have standing to pursue claims in relation to a product he did not purchase. *See Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 936 (7th Cir. 2021) (affirming holding that the plaintiff "lacks standing because he failed to show that the dog food he purchased was at risk of containing pentobarbital"); *see also Payton v. Cnty. of Kane*, 308 F.3d 673, 682 (7th Cir. 2002) (stating "it bears repeating that a person cannot predicate standing on injury which he does not share"). The Court should side with the Seventh Circuit and majority of judges in this District. *See Willard v. Tropicana Mfg. Co., Inc.*, 577 F. Supp. 3d 814, 824 (N.D. Ill. 2021) ("The majority of the courts in the Northern District of Illinois courts that have addressed this issue have determined that class-action plaintiffs are prohibited from overcoming the requirements of Article III standing simply by arguing that non-purchased products are substantially similar to purchased products.") (Valderrama, J.).[2]

Assuming, *arguendo*, that Plaintiffs could bring claims in relation to "substantially similar" products, Plaintiffs have not met their burden here. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). In the Amended Complaint, Plaintiffs vaguely define "Camera Products" to mean the "eufycam, Video Smart Lock, SoloCam, Floodlight Cam, Video Doorbell, and Solo Indoorcam lines of products[.]" ECF 31 ¶ 1. As to the phrase "lines of products," Plaintiffs do not allege, let alone with specificity, what products they intend to encapsulate. *Cf. Benson*, 2018 WL 1087639, at *6 (holding plaintiffs lacked standing to pursue claims in relation to "all 'chocolate and confection products'"); *see also Alaei v. Kraft Heinz Food Co.*, No. 15CV2961-MMA (DHB), 2016 WL 11621800, at *3 (S.D. Cal. Apr. 22, 2016) ("Plaintiff does not provide any detail regarding, much less

---

[2] *See also Sanchez v. Walmart Inc.*, No. 23 CV 1297, 2024 WL 2132426, at *4 (N.D. Ill. May 13, 2024) (Shah, J.); *Bohen v. ConAgra Brands, Inc.*, No. 23 C 1298, 2024 WL 1254128, at *3 (N.D. Ill. Mar. 25, 2024) (Kendall, J.); *Brodsky v. Aldi Inc.*, No. 20 C 7632, 2021 WL 4439304, at *3 (N.D. Ill. Sept. 28, 2021) (Gettleman, J.); *Pearson v. Target Corp.*, No. 11 CV 7972, 2012 WL 7761986, at *1 (N.D. Ill. Nov. 9, 2012) (Zagel, J.); *Padilla v. Costco Wholesale Corp.*, No. 11 C 7686, 2012 WL 2397012, at *3 (N.D. Ill. June 21, 2012) (Darrah, J.).

identify, the other offending products to which she refers in her complaint."). Worse yet, Plaintiffs do not, and without identifying specific products cannot, allege with specificity how all products within the "lines of products" are substantially similar to the products that Plaintiffs purchased. *See Flaherty v. Clinique Lab'ys LLC*, No. 1:21-CV-03447, 2021 WL 5299773, at *4 (N.D. Ill. Nov. 15, 2021) ("Even if we were to adopt the latter approach, Flaherty would still not have standing to pursue claims for the four products that she did not purchase because she has not alleged facts suggesting that they are substantially similar to the three products that she purchased."); *Lozano v. Bowmar Nutrition LLC*, No. 2:21-CV-04296-MCS-KS, 2021 WL 4459660, at *3 (C.D. Cal. Aug. 19, 2021).

Plaintiffs' pleading deficiencies are laid bare throughout the Amended Complaint. For example, Plaintiffs cite a January 31, 2023 article from The Verge discussing Defendants' products. *See* ECF 31 ¶¶ 64–67.[3] But that article notes that just "one device, the Video Doorbell Dual," purportedly transmitted information in the manner complained of by Plaintiffs. Elsewhere, Plaintiffs allege that Defendants made misrepresentations on labels for its products, yet do not include any allegations regarding the labels for products that Plaintiffs did not purchase. *See Gitson v. Trader Joe's Co.*, No. 13-CV-01333-WHO, 2013 WL 5513711, at *4 (N.D. Cal. Oct. 4, 2013) (holding "plaintiffs have pleaded no facts regarding the Unspecified Products, such as what their labels state or even what kinds of products these categories include"); *see also* ECF 31 ¶ 32.

Plaintiffs' vague or nonexistent allegations regarding the products they did not purchase turn the pleading requirements on their head and require Defendants, and the Court, to guess as to what products Plaintiffs believe are substantially similar to the products they purchased. The Court should preclude Plaintiffs from seeking discovery about products they did not purchase because Plaintiffs do not have standing to assert claims in relation to those products in the first place.

---

[3] https://www.theverge.com/23573362/anker-eufy-security-camera-answers-encryption (last visited June 13, 2024).

Dated June 27, 2023

Respectfully submitted,                             Respectfully submitted,

**MILBERG COLEMAN BRYSON**          **ORRICK, HERRINGTON & SUTCLIFFE**
**PHILLIPS GROSSMAN, PLLC**                  **LLP**

*/s/ Trenton Ross Kashima*                          */s/ Scott T. Sakiyama*
Trenton Ross Kashima                                Scott T. Sakiyama
401 West Broadway, Suite 1760                353 N. Clark St, Suite 3600
San Diego, CA 92101                               Chicago, IL 60654
Tel: (619) 810-7047                                 Tel: (312) 924-9893
tkashima@milberg.com                            ssakiyama@orrick.com

Gary M. Klinger                                       Yufeng (Ethan) Ma (Ill. Bar No. 6277936)
227 W. Monroe Street, Suite 2100           4703 Park Place
Chicago, Illinois 60606                            1601 Nanjing Road West
Tel: (866) 252-0878                                 Shanghai, 200040
gklinger@milberg.com                            People's Republic of China
                                                            P: +86 21 6109 7108
Nick Suciu, III                                        yma@orrick.com
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 483021                    Aravind Swaminathan (*Pro Hac Vice*), Lead Trial
 (313) 303-3472                                      Attorney
nsuciu@milberg.com                              401 Union Street - Suite 3300
                                                            Seattle, WA 98101
**POMERANTZ LLP**                             P: (206) 839-4340
                                                            aswaminathan@orrick.com
Genc Arifi
Brian Calandra                                       Lauren Erker (*Pro Hac Vice*)
Joshua B. Silverman                               631 Wilshire Blvd., Suite 2-C
10 South Lasalle Street, Suite 3505          Santa Monica, CA 90401
Chicago, IL 60603                                  P: (310) 424-3916
Tel: (312) 377-1181                               lerker@orrick.com
Fax: (312) 229-8811
garifi@pomlaw.com                               *Counsel for Defendants Anker Innovations*
bcalandra@pomlaw.com                         *Limited, Fantasia Trading LLC, and Power*
jsilverman@pomlaw.com                         *Mobile Life LLC*

6

**RENNERT VOGEL MANDLER &
RODRIGUEZ, P.A.**

Robert M. Stein
100 SE 2nd Street, 29th Floor
Miami, FL 33131
Tel: (305) 423-3437
rstein@rvmrlaw.com

Daniel S. Maland
100 SE 2nd Street, 29th Floor
Miami, FL 33131
Tel: (305) 423-3562
dmaland@rvmrlaw.com

**KOZYAK TROPIN &
THROCKMORTON LLP**

Benjamin Widlanski
Robert J. Neary
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Tel: (305) 372-1800
bwidlanski@kttlaw.com
rn@kttlaw.com

**LEVI & KORSINSKY, LLP**

Mark S. Reich
Gary I. Ishimoto
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
mreich@zlk.com
gishimoto@zlk.com

*Counsel for Plaintiffs Trevor Sloan, Joseph Bleiberg, Aryeh Louis Rothberger, Kevin Farr, Elmer Orpilla, and Sagar Desai, on behalf of themselves and all others similarly situated*

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June, 2024, I caused a true and correct copy of the foregoing notice to be filed with the Clerk of the Court for the Northern District of Illinois via the Court's CM/ECF system, which will send notification of such filing to the counsel of record in the above-captioned matter.

/s/ *Trenton R. Kashima*
Trenton R. Kashima